UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-20695-SCOLA/GOODMAN

CARLOS ANGARITA and
PAULA BOTERO-PARAMO,
individually and as next friend
to their children C.A. and D.A.,

          Plaintiffs,

v.

HYPERTOYZ, INC., and ERIC C.
MARABINI d/b/a Hyperpowersports,

          Defendants.

_____/

ORDER REQUIRING ADDITIONAL INFORMATION
RE: MOTION FOR PARTIAL DEFAULT JUDGMENT

In this action for damages stemming from an allegedly defective electronic

scooter,[1] Plaintiffs Carlos Angarita and Paula Botero-Paramo (collectively, "Plaintiffs"),

move for the entry of a partial default judgment against Hypertoyz, Inc. ("Hypertoyz")

and Eric C. Marabini d/b/a Hyperpowersports ("Marabini" and collectively,

"Defendants"). [ECF No. 25].[2] Defendants have not filed a response to Plaintiffs' motion

---

[1]     Plaintiffs allege in their Amended Complaint that "[t]he [b]attery in the [s]cooter exploded and set fire to [their] [t]ownhome." [ECF No. 4, ¶ 46].

[2]     Plaintiffs seek a default judgment as to liability only and "request a limited trial on damages." [ECF No. 25, p. 2].

(or otherwise participated in this lawsuit), and the response deadline has now expired.

United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 31].

Before issuing a Report and Recommendations, however, the Undersigned will require Plaintiffs to file a memorandum (or a notice regarding service of process) addressing the issues identified in this Order.

## I.    Service of Process

"Service of process is the means by which a court obtains personal jurisdiction over a defendant." *Hall v. HSBC Mortg. Servs., Inc.*, No. 1:11-CV-02404-WSD, 2011 WL 13220722, at *4 n.10 (N.D. Ga. Dec. 13, 2011). Plaintiffs' Motion for Partial Default Judgment states in a conclusory manner that "[s]ervice was perfected on Hypertoyz on April 21, 2023 (ECF Nos. 15, 16), and Marabini on April 24, 2023 (ECF No. 14)." [ECF No. 25, p. 4]. The motion does not otherwise address service of process. Nonetheless, other filings in the docket provide details concerning the steps Plaintiffs took to effectuate service on Defendants.

For instance, Plaintiffs' counsel filed a declaration pursuant to Fla. Stat. § 48.161 which outlined the steps he took to serve Hypertoyz. *See* Declaration of Zachary Lipshultz Pursuant to Fla. Stat. § 48.161 [ECF No. 16]. Plaintiffs also filed two motions for

2

clerk's defaults which discuss service of process on Hypertoyz and Marabini. [ECF Nos. 17, 19].

Nonetheless, the Undersigned believes that more information is needed to determine whether Plaintiffs have complied with their obligations under the applicable service statutes.

a.      **Amendments to the Florida Service Statutes**

It appears that Plaintiffs may be proceeding under the current version of the service statutes.[3] But the Undersigned is not convinced that the current version of the service statutes applies to this case.

The Florida service statutes were recently amended, effective January 2, 2023. *See Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 n.4 (M.D. Fla. Feb. 14, 2023) ("Sections 48.181 and 48.161 of the Florida Statutes were amended . . . with effective dates of the amendments of January 2, 2023."); *Onyeneho v. LB Ent. LLC*, No. 6:22-CV-978-WWB-DAB, 2023 WL 2931203, at *2 (M.D. Fla. Jan. 9, 2023), report and recommendation adopted, No. 6:22-CV-978-WWB-DAB, 2023 WL 2931163 (M.D. Fla. Jan. 27, 2023) ("Amendments to Fla. Stat. § 48.062 became effective on January 2, 2023.").

_____

[3]      Plaintiffs' motion for entry of a clerk's default against Hypertoyz cites Fla. Stat. § 48.161(7). The *current* version of section 48.161 has a subsection (7), but the earlier version of this statute ends at subsection (4). Therefore, it appears to the Undersigned that Plaintiffs may be proceeding under the current version of the service statutes, but Plaintiffs have not explained which version of the service statutes applies to this case and why. The Undersigned will provide Plaintiffs with an opportunity to do so.

Plaintiffs filed the instant action on February 22, 2023. [ECF No. 1]. Thus, Plaintiffs' service attempts were made *after* the January 2, 2023 effective date of the amendments to the Florida service statutes.

Nonetheless, in *Baxter*, the court (addressing sections 48.161 and 48.181 of the service statutes) noted that the recent amendments do not apply retroactively:

> Sections 48.181 and 48.161 of the Florida Statutes were amended . . . with effective dates of the amendments of January 2, 2023. **Florida courts have consistently held that "[a]mendments or additions to the long-arm statute will not be applied retroactively unless the legislature specifically so provides.**" *Oldt v. Sides*, 573 So. 2d 440, 441 (Fla. 2d DCA 1991) (citing *AB CTC v. Morejon*, 324 So. 2d 625 (Fla. 1975)); *Conley v. Boyle Drug Co.*, 570 So. 2d 275, 288 (Fla. 1990) ("This Court has consistently held that [long-arm statutes] [cannot] be applied retroactively to allow service under [their] provisions as to an alleged wrongful act committed prior to the enactment of the statute.") (collecting cases); *Am. Motors Corp. v. Abrahantes*, 474 So. 2d 271, 274 (Fla. 3d DCA 1985) ("[W]e feel constrained to follow the long line of cases which hold that amendments or additions to Florida long-arm statutes are not to be applied to causes of action which accrue prior to the date the amendments or additions became effective.") (collecting cases). **The court finds nothing in the text of the amended sections 48.181 and 48.161 to indicate that the amendments apply retroactively**.

2023 WL 1993969, at *3 n.4 (emphasis added); *see also Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 970 (11th Cir. 1986) ("The Florida courts generally do not apply amendments to Florida long-arm statutes retroactively.").

"Florida law provides that the applicable version of a statute is that which was in effect **when a cause of action accrues.**" *S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV, 2016 WL 8808748, at *4 (S.D. Fla. Jan. 19, 2016) (emphasis added) (applying Florida service of process statutes based on the accrual dates of various causes of actions); *see also*

*Felton v. Winter Park Police Dep't*, No. 6:22-CV-898-RBD-DAB, 2022 WL 8216907, at *3 n.4 (M.D. Fla. Aug. 2, 2022), report and recommendation adopted, No. 6:22-CV-898-RBD-DAB, 2022 WL 4396375 (M.D. Fla. Sept. 23, 2022) ("Thirty days after [the defendant] moved to quash service, Governor DeSantis signed Senate Bill 1062 into law. Fla. SB 1062, § 9 (2022). The bill amends § 48.111 and changes the method for serving municipal corporations. The [c]ourt need not consider this new language because it was enacted after [the plaintiff]'s claim accrued.").

Here, Plaintiffs' claims accrued *before* the January 2, 2023 effective date of the amendments to the Florida service statutes. *See* Amended Complaint [ECF No. 4, ¶¶ 24-37 (describing June 21, 2021 fire)]. Thus, the Undersigned will require Plaintiffs to explain in their memorandum which version of the service statutes they are proceeding under and why that version applies to their case.

**b.   Hypertoyz**

**i.    Court Filings Discussing Service of Process on Hypertoyz**

In their motion for a clerk's default against Hypertoyz, Plaintiffs assert that they effectuated substitute service of process on Hypertoyz through the Florida Department of State:

> 2.    On April 25, 2023, the Florida Department of State accepted service of process on Hypertoyz effective April 21, 2023, the date it received the service. ECF Nos. 15, 16; *see also* Fla. Stat. § 48.161(7) ("Service of process is effectuated under this section on the date the service is received by the Department of State.").

3.      On April 28 and May 1, 2023, [ ] Plaintiffs served notice on Hypertoyz, by certified mail and email, that the Department of State had accepted service of process effective April 21, 2023. (ECF No. 16 at ¶¶ 13-15[ ])[.]

[ECF No. 17, ¶¶ 2-3].

Plaintiffs filed a declaration from their counsel, Zachary Lipshultz. *See* Declaration of Compliance by Zachary Lipshultz Pursuant to Fla. Stat. § 48.161. [ECF No. 16]. The declaration states that it was submitted "under Fla. Stat. § 48.161 in support of substituted service on Hypertoyz . . . via the Florida Secretary of State." *Id.* at ¶ 3. The declaration further states that Hypertoyz was listed by the Florida Division of Corporation as a Florida for-profit corporation with its "principal and mailing address" as "1726 NW 20th Street, Miami, Florida 33142," "an operational store front where Hypertoyz conducts business." *Id.* at ¶¶ 4, 6. The declaration also states that Hypertoyz was administratively dissolved on September 23, 2022 for failure to file an annual report. *Id.* at ¶ 5.

The declaration identifies Marabini as Hypertoyz's registered agent, with an address of 900 Biscayne Blvd, Unit 3002, Miami, FL, 33132. *Id.* at 7. It also indicates that Marabini was listed as "Eric Marabini, President/P,V, 1726 NW 20th Street, Miami, Florida[,] 33142" in Hypertoyz's most recent annual report, filed on April 8, 2021. *Id.* at ¶ 8.

The declaration states that Plaintiffs attempted to serve Hypertoyz through its registered agent, Marabini, on five separate occasions, between February 25, 2023 and April 7, 2023. *Id.* at ¶ 9. A return of service listing five attempted service dates is attached.

[ECF No. 16-3].

At Plaintiffs' request, the Clerk of the Court issued a summons on April 21, 2023 directed to "Hypertoyz, Inc., c/o Secretary of State, 200 E. Gaines St., Tallahassee, Florida 32399." [ECF Nos. 13; 16, ¶ 10].

Plaintiffs "requested the Florida Department of State to accept the summons and Amended Complaint as substituted service on Hypertoyz" and they received a letter dated April 25, 2023 from the Florida Department of State accepting substitute service of process for Hypertoyz. [ECF No. 16, ¶¶ 11-12].[4]

The following day, Plaintiffs' counsel sent "by certified mail return receipt requested . . . [a] notice of service and a copy of the process to Hypertoyz at 1726 NW 20th St., Miami, Florida 33142, its store front and registered place of business." *Id.* at ¶ 13.[5]

Plaintiffs' counsel further states that on May 1, 2023, he emailed both Marabini (at hypertoyz11@gmail.com) and an attorney who might represent Hypertoyz, notifying them that the Florida Department of State had accepted substitute service for Hypertoyz

---

[4]    Plaintiffs filed a copy of the April 25, 2023 letter. [ECF Nos. 15; 16-5]. It states, in part: "Pursuant to Chapter 48.081, 48.101, 48.161 Florida Statutes, substitute service of process was accepted for Hypertoyz, Inc. in case number 23-cv-20695 and was filed on April 21, 2023 at 9:35 AM." *Id.*

[5]    A copy of the United States Postal Service's tracking report is attached to the declaration. [ECF No. 16-7]. It shows that a package was delivered and signed for on April 28, 2023 at 12:56 PM, but the signature is illegible. *Id.* at p. 4.

on April 21, 2023. *Id.* at ¶ 15.

Concerning his efforts to exercise due diligence, Plaintiffs' counsel attests that:

16.    [He] exercised due diligence in attempting to personally serve Hypertoyz through its registered agent and sole listed officer, Marabini.

17.    [He] made a diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectual [sic] personal service on Hypertoyz, including the following:

    a.    [His] process server attempted, unsuccessfully, on at least five occasions to serve Hypertoyz via Marabini at the addresses identified on Florida's Division of Corporations, including Hypertoyz's and Eric Marabini's registered addresses.

    b.    In attempting such service, the process server was informed:

        i.    "Security guard stated Eric Marabini is not listed in unit 3002 may have been a former tenant, unit is corporately owned."

        ii.    "Receptionist, Noreli stated Mar[a]bini is not in office, he does not keep any set schedule, only comes in sometimes; left card with receptionist to have Mr. Mar[a]bini call.

        iii.    "Receptionist state[d] Mr. Marabini is not in, never received any call."

        iv.    "Receptionist, Noreli stated Mr. Marabini is not in office, he is out of town for the next 15 days and did receive the message."

***

    c.    [He] ran multiple background checks on Eric Marabini

8

to identify other addresses associated with him, and instructed [his] process server to attempt to serve Marabini at several of these addresses.

d.      [His] process server was unsuccessful in serving Marabini at these locations, and was told the following:

i.      "Employee stated Mr. Marabini does not come to this location and will never come here, no other information."

ii.     "Security guard stated Eric Marabini is unknown."

iii.    "Address is business of 'Maryann Designs Flowers' moved in approximately a year and a half ago."

\*\*\*

18.     [He] reasonably applied the knowledge at [his] command to effectuate personal service on Hypertoyz through Marabini, its registered agent and the one person disclosed on its most recent annual report, but was unsuccessful.

19.     [He] made an appropriate number of attempts to serve Hypertoyz, considering the particular circumstances of this case, during such time when and where Hypertoyz was reasonably likely to be found, including through multiple attempts to serve Hypertoyz at its physical address and place of business, which is an operational store front, during working hours.

*Id*. at ¶¶ 16-19.

### ii.      Section 48.161 versus Section 48.181

Sections 48.161 and 48.181 both authorize substitute service of process. Plaintiffs'

motion for entry of a clerk's default against Hypertoyz and their counsel's declaration

9

both reference Fla. Stat. § 48.161 (and make no reference to Fla. Stat. § 48.181). *See* [ECF Nos. 16-17].

In *Pinero v. Yam Margate, L.L.C.*, a case involving a motion to quash service of process, the defendant argued that:

> **because it [was] a company, long arm service of process in the instant case should have been performed pursuant to Florida Statutes § 48.181**, titled "Service on Nonresident Engaging in Business in State", rather than Florida Statutes § 48.161, titled "Method of Substituted Service on Nonresident", as was specified in the return of service affidavit of [the] [p]laintiff's process server.

*Pinero v. Yam Margate, L.L.C.*, 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011) (emphasis added).

This Court agreed:

> **Florida service of process on a corporation doing business in the State of Florida is governed by Fla. Stat. § 48.081(1)**. Long arm service on corporations is governed by Fla. Stat. § 48.181, which states that it governs service on "any person who is a resident of the state and who subsequently . . . conceals his or her whereabouts[.]
>
> ***
>
> The Court finds that [the] [p]laintiff attempted to perform substitute service pursuant to Fla. Stat. § 48.161, **when he should have performed substitute service pursuant to Fla. Stat. § 48.181(1)**.

*Id.* at 1266 (emphasis added).

As noted above, in the instant case, Plaintiffs twice reference Fla. Stat. § 48.161 (and make no reference to Fla. Stat. § 48.181). But Plaintiffs' references to section 48.161 do not *necessarily* mean that Plaintiffs were attempting substitute service under section 48.161 (as opposed to section 48.181) because "[s]ection 48.181(6) provides that service under the

section 'must be effectuated in the manner prescribed by [section] 48.161.'" *HDI Glob. Ins.*

*Co. v. Amerijet Int'l Inc.*, No. 22-22235-CIV, 2023 WL 3778241, at *2 (S.D. Fla. May 5, 2023)

(quoting Fla. Stat. § 48.181(6)). Therefore, the Undersigned will require Plaintiffs to

explain in their memorandum which substitute service statute they are proceeding under

and why that statute applies to *Hypertoyz*, a dissolved Florida corporation.

### iii.        Jurisdictional Allegations in the Operative Pleading

Florida law "permits substituted service on a defendant through the Secretary of

State if the defendant is a nonresident **or a resident concealing his whereabouts**." *Dixon*

*v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (citing Fla. Stat. § 48.161(1) (emphasis

added)).

Cases interpreting the old versions of sections 48.161 and 48.181 required that the

basis for substituted service be pled in the operative complaint. *See Onyx Enterprises Int'l*

*Corp. v. Sloan Int'l Holdings Corp.*, No. 20-60871-CIV, 2020 WL 9172668, at *1 (S.D. Fla. July

29, 2020) ("Under Florida law, a defendant may substitute service if 'the defendant is a

nonresident or a resident concealing his whereabouts.' . . . To trigger substitute service

under § 48.161, though, a plaintiff must '**allege in his complaint** the ultimate facts

bringing the defendant within the purview of the statute.'" (quoting *Dixon*, 796 F. App'x

at 687 (emphasis added)); *Taverna Opa Trademark Corp. v. Ismail*, No. 08-20776-CIV, 2009

WL 1220513, at *1 (S.D. Fla. Apr. 30, 2009) ("To perfect substitute service under § 48.181,

the plaintiff **must allege in the complaint** the jurisdictional basis for invoking the

statute." (emphasis added)).[6]

Moreover, as Chief United States District Judge Cecilia M. Altonaga explained,

this pleading deficiency *cannot* be corrected by a later-filed affidavit:

> **the Fourth-Party Complaint . . . does not allege the jurisdictional basis for invoking the substitute service statute**. *See Taverna Opa Trademark Corp.*, 2009 WL 1220513, at *1. "The jurisdictional requirements of [section] 48.181 are that the defendant conducts business in Florida and is [ ]: (1) a nonresident, (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing her whereabouts." *Id.* (alterations added; citing Fla. Stat. § 48.181; other citation omitted). The Fourth-Party Complaint contains an allegation that SOL Trucking "was and now is a business entity organized under the laws of Florida" (*id.* ¶ 2), but it **does not allege that SOL Trucking is concealing its whereabouts. "Including the foundational allegations in the complaint is a prerequisite to seeking the benefit of substitute service."** *Taverna Opa Trademark Corp.*, 2009 WL 1220513, at *1 (citations omitted). **The deficiency cannot be cured by a subsequently filed affidavit demonstrating the Fourth-Party Plaintiff's efforts to locate the Fourth-Party Defendant**. *See id.* (citation omitted).

*HDI Glob. Ins. Co.*, 2023 WL 3778241, at *3 (emphasis added).

Here, the Undersigned's review of the Amended Complaint [ECF No. 4] did not

---

[6]     *See also Acquamoda S.A.S. v. Miami Swim Wk.*, LLC, No. 19-21683-CIV, 2019 WL 13237717, at *1 (S.D. Fla. Oct. 2, 2019) (Scola, J.) (finding that "[the plaintiff] ha[d] failed to comply with the jurisdictional requirements of section 48.181" where it "ha[d] not alleged the [d]efendant [was] a non-resident, is a resident who subsequently became a non-resident, or has concealed its whereabouts" and "**[b]ecause of this pleading defect, [the plaintiff] ha[d] not perfected substituted service on the [d]efendant**" (emphasis added)); *United States v. Demesmin*, No. 6:17-CV-36-ORL-31KRS, 2018 WL 11344777, at *1 (M.D. Fla. July 13, 2018) ("[S]**ection 48.181 requires that the complaint be amended** to allege that the Demesmin LLC Defendants are Florida residents who are either (1) concealing their whereabouts or (2) previously conducted business in Florida but subsequently became nonresidents." (emphasis added)).

reveal any allegations that Hypertoyz is concealing its whereabouts. Nonetheless, Plaintiffs will have an opportunity to explain whether and how service of process has been perfected. Therefore, if Plaintiffs believe that the old version of the service statutes apply to their case, then their memorandum will cite the paragraphs in their Amended Complaint [ECF No. 4] showing the requisite jurisdictional allegations or explain (citing pertinent legal authority) why its Amended Complaint does not need to include these allegations.

The *current* version of section 48.161 expressly states: "The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance." Fla. Stat. § 48.161(2). But this language is not in the pre-January 2, 2023 version of the statute. Therefore, as discussed above, Plaintiffs will need to: (1) identify whether section 48.161 and/or section 48.181 applies to Hypertoyz (a dissolved domestic corporation) and (2) explain why that version applies to their case.

Alternatively, if Plaintiffs believe that the pre-January 2, 2023 versions of sections 48.161 and 48.181 apply to this action,[7] then Plaintiffs will explain why they have

---

[7]     Under the old statutes, compliance with *both* sections 48.161 and 48.181 is required to perfect substitute service of process. *See Baxter*, 2023 WL 1993969, at *4 ("Where substitute service is authorized by Florida Statute section 48.181, section 48.161 provides the method for effectuating such service." (citations omitted)); *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 ("Section 48.181(6) provides that service under the section 'must be effectuated in the manner prescribed by [section] 48.161.'" (quoting Fla. Stat. § 48.181(6)).

complied with these statutes.

       **c.**     **Marabini**

      The Amended Complaint alleges that Marabini is a citizen of Florida. [ECF No. 4, ¶ 6]. "Florida Statute Section 48.031 governs service of process upon individuals[.]" *Adan v. Bermudez*, No. 1:19-CV-20825-KMM, 2019 WL 13237715, at *2 (S.D. Fla. May 22, 2019).[8] But, as explained below, the Undersigned needs more information to determine whether Plaintiffs complied with the requirements of section 48.031.

      Plaintiffs moved for (and obtained) a clerk's default as to Marabini. [ECF Nos. 19-20]. Plaintiffs' motion stated -- in conclusory fashion -- that service on Marabini was perfected on April 24, 2023, citing a return of service. [ECF No. 19, at ¶ 2 (citing [ECF No. 14])].

      The return of service stated that on April 24, 2023 at 10:00 AM, the process server:

> served by delivering a true copy of the **Summons in a Civil Action; Amended Complaint and Demand for Jury Trial** with the date and hour of service endorsed thereon by [him], to: **Noreli Zapata, Authorized Person in Charge**, who stated he/she is authorized to accept service for named person at the address of: **1726 NW 20th Street, Miami, FL 33142**, and informed said person of the contents therein.

[ECF No. 14 (emphasis in original)].

---

[8]      Although Plaintiffs sued "Eric Marabini d/b/a Hyperpowersports," the statute for service of process on individuals applies. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624–25 (6th Cir. 2004) ("Service on Carrumba Music, the d/b/a for Jorge Hinojosa, is governed by Fed. R. Civ. P. 4(e), the provision for service of process on individuals." (footnote omitted)).

Plaintiffs have not expounded on *why* service of process on Marabini was perfected (through service of the summons and Amended Complaint on Noreli Zapata), which Florida service statute Plaintiffs are proceeding under, or why service on Marabini is appropriate through Noreli Zapata and at the address listed above.

The Amended Complaint alleges that "*Defendant Hypertoyz, Inc.* is a Florida corporation with its principal place of business at 1726 NW 20th Street, Miami, Florida 33142." [ECF No. 4, ¶ 5 (emphasis added)]. But Marabini is an **individual** (not the corporate Defendant).

In *Parker v. Sonic-FM, Inc.*, for instance, "[t]he individual defendants, . . . who [were] all employees of [one of the corporate defendants] argue[d] that service of process was improper." No. 2:10-CV-453-FTM-29, 2010 WL 5477281, at *1 (M.D. Fla. Dec. 30, 2010). In *Parker*, "[t]he returns of service for these individuals indicate[d] that substitute service was made at their place of employment by serving a co-worker/co-defendant." The court agreed that "[t]his [was] clearly insufficient service of process on an individual." *Id.*

The *Parker* Court noted that "[a]lthough . . ., as manager, [an individual] may be authorized to accept service of process on behalf of the *business*, **he [was] not authorized to do so on behalf of *individually named employees*.**" *Id.* at *2 (emphasis added).

Here, Plaintiffs will need to: (1) identify which version of section 48.031 applies to their case; (2) explain *how* they complied with the applicable statute; and (3) explain (with

more detail than the conclusory "he/she is authorized to accept service") why it was proper to serve Marabini (an individual defendant) through Noreli Zapata.

The Undersigned has not concluded that Plaintiffs have *not* complied with Florida law. The Undersigned is merely noting that Plaintiffs have not explained *how* substitute service of process on Hypertoyz and Marabini has been perfected. Therefore, the Undersigned will provide Plaintiffs with an opportunity to do so.

## II.   Choice of Law Analysis

In this action, Plaintiffs (Virginia residents) purchased a scooter from Defendants (located in Florida). [ECF No. 4, ¶¶ 2-6]. Defendants shipped the scooter from Florida to Virginia. *Id*. at ¶ 63. The scooter exploded and set fire to Plaintiffs' Virginia townhome. *Id.* at ¶¶ 15, 24-25.

While the Amended Complaint contains the following allegation -- "[p]er Hypertoyz's 'Warranty and Returns Policy': the 'laws of [sic] State of Florida govern the validity, interpretation, construction and enforcement of this transaction and any transaction related herein'" [ECF No. 4, ¶ 14] -- Plaintiffs' partial default judgment contains no choice of law analysis.[9] Moreover, three of Plaintiffs' causes of action (Count

---

[9]     For instance, Plaintiffs' motion merely states -- in a conclusory manner -- that "Count IV is a claim for negligence under Florida law." [ECF No. 25, p. 10]. "'[A]t least as to tort claims, the Florida Supreme Court applies the 'most significant relationship' test set forth in Section 145 of the Restatement (Second) of Conflict of Laws[.]'" *Bowen*, 2023 WL 4623594, at *5 (quoting *Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc.*, 92 F.3d 1110, 1115-16 (11th Cir. 1996)). But there is no discussion of this test in Plaintiffs'

I, II, and IV) are state law causes of action and only one of them concerns a breach of implied warranty.

Here, Plaintiffs' Amended Complaint alleges that the Court has both diversity and supplemental jurisdiction over the state law claims. [ECF No. 4, ¶ 8 ("This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367.")]. "A federal district court exercising supplemental jurisdiction over state law claims applies the choice-of-law rules of the state in which it sits, in this case Florida." *Bowen v. Li*, No. 23-CV-20399, 2023 WL 4623594, at *5 (S.D. Fla. July 18, 2023) (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015)). The same is true for claims brought under the Court's diversity jurisdiction. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992) ("A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits.").

Moreover, "[u]nder Florida law, a court makes a separate choice of law determination as to each claim under consideration." *Bayuk v. Prisiajniouk*, No. 8:18-CV-00163-T-SPF, 2019 WL 4694230, at *3 (M.D. Fla. Sept. 26, 2019). Therefore, Plaintiffs' memorandum will engage in a choice of law analysis for **each** state law cause of action pled in the Amended Complaint [ECF No. 4].

---

motion and no explanation about *why* Florida law (as opposed to Virginia law) governs Plaintiffs' negligence claim (and other state law claims).

### III.     Breach of Implied Warranty Claim

The Undersigned views Plaintiffs' breach of implied warranty count as a breach of the implied warranty of merchantability. [ECF No. 4, ¶ 52 ("Defendants owed the Angaritas an implied warranty that the Scooter is **merchantable**, including that the Scooter would pass without objection in the trade, is of fair average quality, is fit for the ordinary purposes for which the Scooter is used, is of even kind, quality, and quantity, and is free from design and manufacturing defects to consumers and users thereof." (emphasis added))]. If Plaintiffs are proceeding on other implied warranties, then Plaintiffs should provide an explanation in their memorandum.

"Florida law requires privity of contract to sustain a breach of implied warranty claim." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1321 (S.D. Fla. 2009). "[T]o establish the contractual privity required to state a breach of implied warranty claim, a plaintiff must purchase the product at issue directly from the defendant." *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1109 (S.D. Fla. 2019).

Plaintiffs' motion states that there is contractual privity between the parties because:

> Defendants offered the Scooter for sale for $799, the **Angaritas** accepted that offer, the **Angaritas** paid [ ] Defendants $799, and [ ] Defendants provided the **Angaritas** the Scooter. (ECF No. 4 at ¶¶ 18, 19, 32, 51.) The **Angaritas** are therefore in privity with [ ] Defendants, who owe them implied warranties under Florida law. [*Amoroso v. Samuel Friedland Fam. Enters.*, 604 So. 2d 827, 833 (Fla. 4th DCA 1992)]; *see also Vega v. TMobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("To prove the existence of a contract [under Florida law], a plaintiff must plead: (1) offer; (2) acceptance; (3)

18

consideration; and (4) sufficient specification of the essential terms."). [ECF No. 25, p. 8 (emphasis added)]. Thus, Plaintiffs state in their motion that the Angaritas (plural) were in privity with Defendants.

But, the allegations in the Amended Complaint are inconsistent on this point. Paragraphs 19 and 30.e. state that Angarita (singular)[10] purchased the scooter. *See* [ECF No. 4, ¶¶ 19 ("On or about July 16, 2018, Defendants sold the Scooter for $799 to Angarita, which sums were paid by Angarita via PayPal to 'hyperpowersports,' Defendant Marabini's fictious name."); 30.e. ("The Fire Marshal interviewed Angarita, who stated . . . '[h]e purchased the scooter approximately 3-4 years ago in Miami, Florida.'")].

Paragraphs 51 (breach of implied warranty claim) and 61 (Magnuson-Moss claim) allege that the Angaritas (plural) purchased the scooter. *See* [ECF No. 4, ¶¶ 51 ("Defendants marketed and offered the Scooter for sale and the Angaritas purchased the Scooter from Defendants for $799."); 61 ("The Angaritas purchased the Scooter from Defendants for $799.")].[11]

---

[10]     The Amended Complaint defines "Angarita" (singular) as Carlos Angarita and the "Angaritas" (plural) to include all Plaintiffs. *See* [ECF No. 4, ¶¶ 1 ("Plaintiffs Carlos Angarita and Paula Botero-Paramo, individually and as next friend to their children C.A. and D.A., (collectively, the 'Angaritas')"); 2 ("Plaintiff Carlos Angarita ('Angarita') is a citizen and resident of Virginia.")].

[11]     While, generally, a plaintiff may plead in the alternative, a Magnuson-Moss claim is derivative of a state law breach of warranty claim. *See Wyse v. Gerard Roof Prods., LLC*, No. 3:19CV121-TKW-EMT, 2020 WL 1318348, at *3 (N.D. Fla. Mar. 2, 2020); *Carter v. Porsche Cars N. Am., Inc.*, No. 1:19-CV-5508-MLB, 2021 WL 6805718, at *4 (N.D. Ga. June

Therefore, Plaintiffs should state in their memorandum whether *only* Carlos Angarita is proceeding on the breach of implied warranty and Magnuson-Moss claims or, alternatively, explain why there is contractual privity (or no need for contractual privity) as to all Plaintiffs.[12]

## IV.   Conclusion

For the reasons stated above:

1.     By no later than **Wednesday, August 30, 2023**, Plaintiffs will file on CM/ECF a memorandum of law (citing pertinent legal authority) showing why substitute service of process was perfected on Hypertoyz and Marabini. For each Defendant, Plaintiffs will: identify the applicable Florida service statute they are proceeding under; state whether they believe the amendments effective January 2, 2023 are applicable (or inapplicable) to this case and why; and include pinpoint citations to filings on CM/ECF supporting their position that service of process has been effectuated on both Defendants.   Plaintiffs must show strict compliance with the applicable Florida service statutes. *See Fla. Ltd. Inv. Properties, Inc. v. Deutsche Bank Nat'l Tr. Co.*, No. 21-14039-CIV, 2021 WL 4138552, at *2 (S.D. Fla. Aug. 27, 2021), report and recommendation adopted, No. 20-14039-CIV, 2021

---

25, 2021) ("Congress . . . expressly provided that implied warranty claims under the [Magnuson-Moss Warranty] Act arise out of and are defined by state law.").

[12]     For purposes of this Order, the Undersigned assumes that Florida law applies to these claims. But if Plaintiffs' choice of law analysis determines that Virginia law applies, then Plaintiffs should address this issue in the context of Virginia law.

WL 4134803 (S.D. Fla. Sept. 10, 2021) ("In Florida, statutes governing service of process are strictly enforced." (citing *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001)); *Huang v. Chen*, No. 22-60354-CIV, 2022 WL 19408757, at *3 (S.D. Fla. Apr. 5, 2022) (Because "substituted service is an exception to personal service, the statutory prerequisites must be strictly complied with in order to perfect service." (citing *Dixon*, 796 F. App'x at 687)).

2.      Plaintiffs' memorandum will also: (1) include a choice of law analysis, addressing which state law (or laws) governs *each* state law cause of action and (2) address the privity of contract issue in the breach of implied warranty claim as to *each* Plaintiff.

3.      Alternatively, and in lieu of a memorandum, if Plaintiffs believe that service of process has *not* been effectuated, then Plaintiffs will file a notice on CM/ECF by the same **August 30, 2023** deadline. The Undersigned will then issue a Report and Recommendations recommending that the instant motion be denied without prejudice (and with leave to re-file) for failure to show that service of process has been perfected. Any re-filed default (or partial default) judgment motion should address service of process, the applicable law(s) governing Plaintiffs' state law claims, and privity of contract as to each Plaintiff.

If Plaintiffs believe that an amendment to their Amended Complaint [ECF No. 4] is necessary in order to effectuate substitute service of process on Defendants, then

Plaintiffs will need to seek that relief from Judge Scola.[13] *See Dugas v. 3M Co.*, No. 3:14-CV-1096-J-39JBT, 2014 WL 12618702, at *1 (M.D. Fla. Dec. 2, 2014) ("Since [the] [p]laintiffs have already amended their [c]omplaint once as a matter of right, any subsequent amendments may be made only with 'the opposing party's written consent or the court's leave.'"(quoting *Kendall v. Thaxton Rd. LLC*, 443 F. App'x 388, 393 (11th Cir. 2011)).

4.    Plaintiffs will mail copies of this Order to Defendants and file a notice of compliance on CM/ECF by no later than **Monday, August 21, 2023**. Plaintiffs will also mail copies of their memorandum (and/or their notice) to Defendants on the same day it is filed and file a notice of compliance on CM/ECF.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 16, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

---

[13]    This matter has been referred to the Undersigned on the instant motion and for discovery. [ECF Nos. 8; 31].