United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos Angarita and <br> Paula Botero-Paramo, individually <br> and on behalf of their children, C.A. <br> and D.A., Plaintiffs, <br><br> v. <br><br> Hypertoyz, Inc. and Eric Marabini <br> d/b/a Hyperpowersports, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-20695-Civ-Scola <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>Order Denying Motion to Set Aside Default</u>**

  Plaintiffs Carlos Angarita and Paula Botero-Paramo, individually and on behalf of their children, C.A. and D.A. (collectively the "Angaritas"), initiated this lawsuit to recover damages they sustained when an electric scooter they bought from Defendants Hypertoyz, Inc., and Eric Marabini, doing business as Hyperpowersports ("Marabini"), exploded and burned down their family home. (Am. Compl., ECF No. 4.) The Court has entered a default judgment in favor of the Angaritas, amounting to nearly $3 million in total, against both Defendants, jointly and severally. (Order on Judgment as to Liability, ECF No. 41; Order Awarding Damages, ECF No. 53; Final Judgment, ECF No. 57.) Marabini now asks the Court to set aside the defaults, arguing that the judgment against him is void based on ineffective service of process. (Def.'s Mot., ECF No. 78.) The Angaritas have responded in opposition (Pls.' Resp., ECF No. 86) but Marabini has not replied and the time to do so has passed. After considering the briefing, the record, and the relevant legal authorities, the Court **denies** the motion to vacate (**ECF No. 78**) for the reasons that follow.

  **1. Background**

  Hypertoyz was served in February 2023 (Ret. of Service re Hypertoyz, ECF No. 35-1) and a process server filed a return of service as to Marabini, indicating that he had been served on April 24, 2023, via substitute service (Ret. of Serv. re Marabini, ECF No. 14). When neither Defendant timely responded to the complaint or otherwise appeared in the case, the Clerk of Court entered defaults against them, in May 2023. (ECF Nos. 18, 20.) Upon the Angaritas' motion, the Court thereafter entered default judgment as to liability (ECF Nos. 38, 41), followed by an evidentiary hearing as to damages (Min. Entry, ECF No. 52). As a result of that proceeding, where the Court heard testimony from all four

Plaintiffs, the Court awarded the Angaritas close to $3 million in compensatory damages, against the Defendants, jointly and severally. (Order Awarding Damages, ECF No. 53.) Over three months after the Court entered its March 18, 2024, final judgment (ECF No. 57) and well over a year since Marabini was served, Marabini now asks the Court to set aside the judgment, under Federal Rule of Civil Procedure 60(b)(4), as void for ineffective service of process. (Def.'s Mot., ECF No. 78.)

## 2. Legal Standard
### A. Federal Rule of Civil Procedure 60(b)(4)

In relevant part, Rule 60(b)(4) permits a Court on "motion or just terms" to "relieve a party" from a "final judgment" when the "judgment is void." Fed. R. Civ. P. 60(b)(4). Under Rule 60(b)(4), "[a]n *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). Motions raising jurisdictional challenges under Rule 60(b)(4) are ordinarily not subject to Rule 60(c)(1)'s "reasonable time" limitation or "a typical laches analysis." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014); *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). But "there are limitations on this doctrine," *Oldfield*, 558 F.3d at 1218 n. 21, and "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010).

"One such limitation is that objections to personal jurisdiction" are "waivable." *Oldfield*, 558 F.3d at 1218 n. 21. To that end, "[w]here a defendant does not raise the defense of lack of personal jurisdiction at the appropriate time in the district court, the objection is waived and the defendant is considered to have conferred jurisdiction by consent." *Harris Corp. v. Nat'l Iranian Radio & Tele.*, 691 F.2d 1344, 1353, n.18 (11th Cir. 1982). Similarly, where a party "knowingly s[its] on his rights" for significant time before "filing anything at all with the district court, he waive[s] his right to object" under Rule 60(b)(4). *Stansell*, 771 F.3d at 737 (party waived service and personal jurisdiction arguments under Rule 60(b)(4) due to unexplained several-month delay in filing anything in the district court); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018) ("Objections to personal jurisdiction, however, are waived if a defendant fails to raise that objection in a timely manner," and holding defendant waived such objections by failing to timely file a Rule 60(b)(4) motion).

### B. Service of Process and Rule 60(b)(4)

Where a plaintiff has initially established valid service of process, the burden then shifts to the defendant challenging service to show, by "clear and convincing evidence," that it was insufficient. *See Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) ("While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.")(cleaned up). "'Regular on its face' means the return of service attests to all the information required by the service statute." *Id.* And "[c]lear and convincing evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." *Id.* (cleaned up).

While actual notice alone is insufficient to establish proper service, notice can nonetheless be "an important factor in considering whether service of process is adequate." *Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003). As such, the Eleventh Circuit has concluded that the requirements of service are, in some respects, "flexible," to be "liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990). Thus, so long as "a summons is in *substantial compliance* with Rule 4(b) and a defendant has not been prejudiced by the defect in the summons," a defendant risks waiving an objection to service "if he or she waits until final default judgment has been entered" to raise it. *Id.* (emphasis added).

### 3. Analysis

Marabini argues that the Angaritas' substituted service of process on a receptionist at 1726 NW 20th Street in Miami, Florida, was defective under both Rule 4 as well as under Florida law. (Def.'s Mot. at 5.) According to Marabini, (1) the affidavit of service failed to specify that 1726 NW 20th Street is Marabini's place of business; (2) even if the affidavit did so specify, Marabini has provided a declaration in which he maintains that this address is not, in fact, his business address and never has been; and (3) even if that address was his business address, the person served was not in charge of the business at the time of service. (*Id.* at 6–7.) In response, the Angaritas argue that Marabini's motion fails for two independent reasons: their service on Marabini complied with Florida law; and Marabini has waived his right to raise any challenge to the effectiveness of service. (Pls.' Resp. at 10.) After careful review, the Court finds Marabini's motion misses the mark: he fails to show that service on him was defective and,

further, even if there was a technical defect in service, he fails to explain why it has taken him so long to object.

As set forth in Florida Statutes section 48.031(2)(b), "[s]ubstituted service may be made on an individual doing business as a sole proprietorship" where service is effected at the sole proprietor's "place of business," during regular business hours; two attempts to serve the sole proprietor had previously been made at that same place of business; and the person served is the person who is "in charge of the business at the time of service." Fla. Stat. § 48.031(2)(b). As to these conditions, there is no dispute that Marabini was doing business as Hyperpowersports as a sole proprietor; that the process server had previously made two attempts to serve Marabini at the 1726 NW 20th Street address; and that all attempts at service were conducted during regular business hours. Instead, Marabini's quarrel relates to the whether 1726 NW 20th Street was his "place of business" and whether the person served was "in charge of the business at the time of service."

Marabini's argument starts with his premise that the return itself is "defective on its face."[1] (Def.'s Mot. at 6.) This is because, according to Marabini, there is nothing in the affidavit itself that "indicate[s] that" the address where service was effected—1726 NW 20th Street—"was Mr. Marabini's place of business." (*Id.*) This barebones argument falls short.

Missing from Marabini's theory of the return's facial invalidity is any legal support for his suggestion that a service affidavit is rendered invalid on its face if it fails to affirmatively state that the address where substitute service was effected is the location of the sole-proprietor's place of business. Indeed, Florida law requires that only the following information be included in a return-of-service form: (1) the date and time that the process server received the process paperwork; (2) the date and time that process was served; (3) the name of the person served, and, if the person was served in a representative capacity, the position occupied by that person; (4) a list of all pleadings and documents served; and (5) the server's signature. Fla. Stat. § 48.21(1); *see also Tarantino v. Riddell*, No. 17-CV-60567, 2017 WL 5571358, at *4 (S.D. Fla. Nov. 20, 2017) (Bloom, J.) ("A return of service that is regular on its face must include the statutory factors contained in [S]ection 48.21.") (quoting *Koster v. Sullivan*, 160

---

[1] Remarkably, in pressing his position, that service "did not strictly comply with the requisites of section 48.031(2)(b) in several respects," Marabini fails to address, or even acknowledge, this Court's previous findings, after a thorough analysis by both United States Magistrate Judge Jonathan Goodman and, thereafter, the District Court, that substitute service on Marabini at his place of business complied with Florida Statute section 48.031(2)(B). (Rep. & Recs. at 15, 19–21; Order Adopting Rep. & Recs., ECF No. 41.)

So. 3d 385, 389 (Fla. 2015) (noting that, while a process server must "strictly ascertain and comply with the general requirements of the service of process statutes," the section 48.031 factors "are not required to be expressly set forth in the return of service")). Marabini does not even acknowledge these requirements, much less engage with them. Further, when Marabini complains that the return lacks "evidence" that the location of service was Marabini's place of business, his quarrel is really grounded upon concerns about the *veracity* of the return's information, rather than its facial regularity. In short, because Marabini fails to point to any legal authority—and the Court itself is aware of none—that a service affidavit is rendered ineffective solely because it fails to aver that the address where service was effected is a sole proprietor's place of business, the Court finds no merit to his argument and deems the return facially valid.

As a result of this finding—that the return of service is valid on its face—Marabini must come forward with "strong and convincing evidence . . . to the contrary" to invalidate it. *Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 693–94 (S.D. Fla. 2015) (Marra, J.). Starting with Marabini's position that service was not effected at the right location, the "evidence" he submits consists solely of his own affidavit testimony in which he avers that (1) the 1726 NW 20th Street address "is not the business address for Eric Marabini d/b/a Hyperpowersports and never has been"; and (2) "[t]he business address registered with the Florida Department of State, Division of Corporations for Eric Marabini d/b/a Hyperpowersports was 475 Brickell Avenue, Suite 2212, Miami, FL 33131." (Marabini's Decl. ¶¶ 5, 6, ECF No. 78-2.) To the extent Marabini's statements are evidence at all, they fall far short of amounting to the "strong and convincing evidence" he would need to overcome the presumption of valid service.

First, Marabini's bald claim, that the 1726 NW 20th Street address is simply "not [his] business address," carries very little, if any weight. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 579 (11th Cir. 2014) (noting that a defendant's "bare assertion" alone, that the location of service was not the defendant's address, does not amount to evidence sufficient to show service was invalid). Second, to the extent Marabini relies on the address registered with the Department of State to support his claim, his reliance is misplaced. As the Angaritas point out, and Marabini leaves undisputed, an application for the registration of the fictitious name "Hyperpowersports" was filed with the state in 2014. (*See* Pls.' Resp. at 17 (citing the Application, ECF No. 84-21).) Within that application, the "Mailing Address of Business" is identified as "475 Brickell Ave, Suite 2212, Miami, FL 33131." (Application at 2.) The Court agrees with the Angaritas that Marabini has wholly failed to link this 2014 mailing address in a fictitious name registration with his actual "place of business" in 2023. Even worse, based on the unrebutted evidence presented by the Angaritas, it appears

it would have been actually impossible for the 475 Brickell address to have been Marabini's place of business in 2023—or possibly even ever: 475 Brickell is a residential condominium building and Marabini's association with the address appears to have been confined to his status as a tenant there, likely not extending beyond 2018. (Pls.' Mot. at 17–18.) In sum, Marabini fails to provide any evidence—let alone strong and convincing evidence—that controverts that the address of his place of business as a sole proprietor was 1726 NW 20th Street, Miami, Florida, at the time of service.

      Marabini's other objection to the sufficiency of service—that the individual upon whom the process server effected substitute service was not the person in charge of his business at the time of service—fares no better. In support of his claim, Marabini relies again on his own declaration and, in addition, on the declaration of the person who received the summons and the complaint from the process server (the "Receptionist"[2]). But, once again, these mostly conclusory and self-serving statements—coming from the Defendant himself and the Receptionist (who the Angaritas explain is Marabini's wife's sister), drafted well over a year after the date of service—barely qualify as evidence, not to mention strong and convincing evidence. Further, Marabini's assertion that "there is nothing in the affidavit of service, nor will there be any evidence submitted, to indicate that the receptionist served . . . was the person in charge of the business at the time of service" is incorrect. To begin, as the Angaritas point out, the certificate of service describes the Receptionist as the "Authorized Person in Charge" and states that the Receptionist told the process server that "she is authorized to accept service for [Marabini] at the address." (Ret. of Service re Marabini at 1.) And the process server's recent declaration, wholly consistent with his return affidavit, further provides that the Receptionist "was the only person present at [the] address at that time" when he attempted service, multiple times, and that she herself "stated that she was the person in charge at that time." (Jesus Guerra's Decl. ¶¶ 4–6, ECF No. 84-24.) Marabini provides the Court with no reason to question the credibility of the process server—either at the time of service or now. Further undermining Marabini and the Receptionist's

---

[2] Marabini refers to this person only as a "receptionist" (Def.'s Mot. at 2, 7; Marabini Decl. ¶ 4.) For ease of reference, because there appears to be some confusion about what this person's name really is (though there is no dispute that she is the person to whom the process server handed the summons and the complaint), the Court will adopt Marabini's label. The return identifies her as "Noreli Zapata." (Ret. of Service on Marabini at 1.) Apparently, though, this was a typographical error, as the Receptionist says she told the process server that her name is "Norellys Zapata." (Receptionist's Decl. ¶ 2, ECF No. 78-3, 2.) Further complicating matters, the Receptionist swore out her declaration under the name "Norellys Consepcion Chavez"—which is the name listed on her driver's license. (*Id.*) As the Receptionist explains, "Norellys Zapata" is her "other given name," which she says she uses "due to [her] heritage." (Receptionist's Decl. ¶ 2, ECF No. 78-3, 2.)

testimony is that, as the Angaritas highlight, neither Marabini nor the Receptionist provide any information about who would have been in charge of the business in Marabini's absence—especially when it is undisputed that the Receptionist was the *only person there* at the time. In sum, Marabini fails to supply strong and convincing evidence that would undermine the facially valid return of service.

Lastly, even if Marabini could identify some technical defect in the substitute service effected on the Receptionist, his motion to vacate would still fail. Marabini does not deny that, as the Angaritas present, "[h]e has known of these proceedings since February 2023 and was provided additional notice throughout the case." (Pls.' Resp. at 2.) But he does not even acknowledge, never mind attempt to explain or justify, this extraordinary delay—waiting until over three months since the entry of final judgment and well over a year since first learning of this lawsuit before lodging any objection to service. Marabini does not dispute that, until faced with the Angaritas' attempts to execute on their judgment, he has simply ignored these proceedings, leaving the Court, the Angaritas, and counsel to labor along in this litigation for almost a year and a half while he sat idly by. Fairly, "the Federal Rules do not contemplate that a party may simply ignore pleadings it receives." *Sanderford*, 902 F.2d at 900 (cleaned up). Instead, where process has been effected in at least substantial compliance with the requirements of service, a defendant who "knowingly sat on his rights" for several months before bothering to act, may be deemed to have "waived his right to object to any defects in the service of process or to any denial of his right to be heard." *Stansell*, 771 F.3d at 737 (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 275 for the proposition that "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights"). Accordingly, even if service here was only substantially compliant, Marabini has waived his right to protest by failing to justify the extraordinary period of dormancy between his acknowledged notice of these proceedings and his eventual objection to them.

4. **Conclusion**

For the reasons set forth above, the Court **denies** Marabini's motion to vacate (**ECF No. 78**).

**Done and ordered** in Miami, Florida, on August 12, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*
**Hypertoyz, Inc.**
c/o Eric Marabini, Registered Agent
1726 NW 20th Street
Miami, Florida 33142