## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-cv-20695-SCOLA/GOODMAN

CARLOS ANGARITA and
PAULA BOTERO-PARAMO,
individually and as next friend
to their children C.A. and D.A.,

       Plaintiffs,

v.

HYPERTOYZ, INC., and ERIC C.
MARABINI d/b/a Hyperpowersports,

       Defendants.

_____/

### ORDER REGARDING PLAINTIFFS' SEALED FILINGS

Plaintiffs have filed multiple documents under seal (filed on 8/30/2024, 9/4/2024, 9/5/2024, 9/12/2024, 9/13/2024, 9/16/2024, 9/18/2024, and 9/20/2024). These filings relate to Plaintiffs' efforts to collect on the outstanding Judgment [ECF No. 57].

"Judicial records are open to the public, and for good reason -- access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice. This Circuit has been resolute in our enforcement of that presumption of public access." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021); *see also Gerdau Ameristeel US Inc. v. Zurich Am. Ins. Co.*, No. 20-82217, 2021 WL 7693671, at *1 (S.D. Fla. May 25, 2021) ("The general public possesses

a common-law right to access judicial records, and judicial records are presumed to be public documents." (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001))).

The Local Rules for the Southern District of Florida recognize this <u>strong</u> presumption in favor of public access to court records. *See* S.D. Fla. L.R. 5.4(a) ("Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."). It is well-settled "policy that Court filings are public[.]" *Id.* at 5.4(b)(1). A party seeking to file documents under seal in a civil case must provide the factual and legal basis for the sealed filing. *Id.* at 5.4(b)(3).

In the Undersigned's view, there is no readily apparent reason why the filings flagged here merit under-seal protection. In fact, some of these documents have been responded to publicly without any action taken by Plaintiffs to restrict the public filing. *See, e.g.*, [ECF No. 127 (Answer to Writ of Garnishment)]. Similarly, Plaintiffs chose to respond to a publicly available Order [ECF No. 128] by filing an under-seal notice of compliance even though the notice simply answers the question posed by the Court's publicly available Order.

Therefore, by no later than **Wednesday, October 2, 2024**, Plaintiffs will file on CM/ECF a memorandum of law (supported by pertinent legal authority) showing cause why the Undersigned should not direct the Clerk of the Court to unseal all of Plaintiffs'

filings. Plaintiffs must make this showing as to each specific document (as is their burden). In other words, Plaintiffs cannot simply rely on a blanket argument that these types of documents should be sealed. In lieu of a memorandum, Plaintiffs may file a notice indicating that they do not object to the Court unsealing these filings. If Plaintiffs fail to file their memorandum or if they fail to carry their heavy burden of persuading the Undersigned that these documents are entitled to under-seal protection, then the Undersigned will direct the Clerk of the Court to unseal these documents.

In the future, Plaintiffs will not unilaterally file documents under seal but must follow the procedure outlined in Local Rule 5.4 and Sections 5A, 5K, 9A-D, and 10B (if applicable) of the CM/ECF Administrative Procedures. Submissions filed with the Clerk's Office are presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 25, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record